IN THE

# SUPREME JUDICIAL COURT,

IN THE

# COUNTY OF YORK,

ARGUED AT APRIL TERM, 1845.

---

## INHABITANTS OF NORTH BERWICK *versus* COUNTY COMMISSIONERS OF YORK.

The County Commissioners have power under the Revised Statutes, (c. 25, § 34,) to approve and allow of a town way, as laid out by the selectmen, leading from one town road to another town road and passing through the land of the applicant under his possession and improvement, if the town shall unreasonably refuse or delay to approve thereof.

As a petition for a writ of *certiorari* is addressed to the discretion of the Court, the writ will not be granted on account of errors in mere matter of form. The Court, therefore, will not grant such writ, where there is an omission to state upon the record of the commissioners, that the refusal of the town to confirm the doings of their selectmen was unreasonable, when the application to the commissioners stated that the refusal was unreasonable, and where it does not appear that the laying out of the road was inexpedient or injudicious.

PETITION for a *certiorari* to quash the proceedings of the County Commissioners in laying out and establishing a road within the town of North Berwick, leading from one road to another. The petitioners to the County Commissioners for the road, owned and occupied farms through which the road passed. The facts appear in the opinion.

*Hubbard*, for the inhabitants of North Berwick, said, that by the Stat. 1821, c. 118, the County Commissioners, or their predecessors, were authorized to act in all cases of town and

VOL. XII.          10

private ways. By the act of 1839, c. 367, this power was restricted to one single case, that of a way to a lot of land, on which the petitioner actually lived, which did not adjoin upon any road; when the commissioners were authorized to give him a way from his land to the highway, if the town unreasonably refused it. By the Rev. Stat. c. 25, this power was enlarged so as to embrace all lots of land which did not adjoin upon any road, whether the petitioner dwelt upon the lot or not, if under his improvement.

The present case is simply this. The selectmen of North Berwick laid out a town road from one county road to another, which the town refused to accept, whereupon certain persons through whose land the road passed, made application to the County Commissioners to interfere, and they did so, and laid out the road as laid out by the selectmen. The commissioners had no right to interfere in the matter under the Rev. Stat. c. 25, § 34. The words *to* and *from* are words of exclusion. *Bradley* v. *Rice*, 13 Maine R. 198. Unless this is the true construction, the commissioners would have as unlimited jurisdiction as under the Stat. of 1821, for no way can be laid out which will not pass through the land of some one. Where were to be the *termini* of the way, under the statute of 1839, was settled in the case *Pettengill* v. *Co. Com. Kennebec*, 21 Maine R. 377. The only difference in this respect between the act of 1839 and of the Revised Statutes is, that in the former the way was to be from the land to the road, and in the latter from the road to the land.

The commissioners had no jurisdiction in this case, because they have not adjudged the refusal of the town to accept the road to be unreasonable. This is clearly fatal to the proceedings. 1 Fairf. 24.

*Hayes*, for the petitioners to the County Commissioners for the road, contended that the commissioners were authorized by the Revised Statutes to lay out a road, when the town unreasonably refused, in all cases where the land of the applicant did not adjoin upon any road, without regard to the termination of such road. That is matter of judgment and discretion.

It is immaterial, whether it stops at the land of the applicant, or proceeds farther. The object of the statute was to prevent the towns from having exclusive jurisdiction in all cases where the land of the applicant did not adjoin upon any road.

The petition to the County Commissioners does state, that the town unreasonably refused to accept the road as laid out by the selectmen. This gives the commissioners jurisdiction to go on and act, and determine the matter. The statute does not require, that they should so adjudge.

The opinion of the Court was by

WHITMAN C. J. — The object of this petition is to have certain proceedings of the commissioners, in reference to the location of a town way in North Berwick, quashed. The road had been located by the selectmen of that town, and, by the town, had been refused to be approved and allowed. On the application to the County Commissioners by three individuals, alleging said way to lead from land, under their possession and improvement, to a certain highway or road ; and that the refusal of the town to approve and allow it, was unreasonable, the County Commissioners established it.

It is now contended, that the County Commissioners had not jurisdiction in the premises. They took cognizance of the matter, it may be presumed, supposing themselves to have a right so to do, under c. 25, § 34, of the Revised Statutes, which is to the effect, " That if any town shall unreasonably refuse or delay to approve and allow any town or private way, laid out or altered by the selectmen thereof, and to put the same on record, any person aggrieved by such refusal or delay, if such way lead from land under his possession and improvement to any highway or town way, may" petition, &c. It is insisted by the petitioners here, that unless the termini of the road were at the land of the petitioners, under their possession and improvement, and at some other road, the County Commissioners had no jurisdiction of the subject matter ; and the provision before recited is attempted to be assimilated to that of the statute of 1839, c. 367 ; the language of which was, that,

"unless said town or plantation shall refuse to lay out a road, for any person or persons, from some town or county road to the lot or lots of land, on which such person or persons may live," &c. the County Commissioners shall not have power, &c. And the case of *Pettengill* v. *The Co. Com. of Kennebec*, 21 Maine R. 377, is relied upon as an authority to show, if the similitude exists, that the County Commissioners, in the case before us, had not jurisdiction. But the supposed similitude is very far from being apparent. The provisions in the two acts are essentially different. The act first cited is an enabling statute ; and the other was a prohibitory or restraining statute. The first is, that, in case of the laying out of a private or town way by selectmen, and the unreasonable refusal of the town to approve and allow the same, the commissioners may proceed, &c. The latter was that they should not lay out a road in any town, unless in cases in which it (such town) should refuse to "lay out a road, for any person from some town or county road to the lot or lots of land on which such person or persons may live." By the former the commissioners, on application of a party aggrieved, setting forth, that the road laid out led from land under his possession and improvement, without any restriction as to where else it might lead from, were authorized to proceed. If it led from his land to another highway or road it is all that is required. The latter confined the commissioners to the refusal to lay out a way from another road to the lot or lots, &c. clearly showing, that there must be a termination at the lot or lots, on which the applicant, for their action, lived. But the language of the former is such as to embrace the case of a road leading by the land of an individual to another road. It would seem to be altogether immaterial from whence it came if it led from the land of the applicant, under his possession and improvement, to another road. The provision is wholly silent as to its being a way of absolute necessity ; a way without which the individual could have no access to his land. If such had been in the contemplation of the legislature it would have been easy, and, one would think, a matter of course for them so to have expressed themselves.

It is evident, therefore, that the allegations in the petition preferred to the County Commissioners presented a case completely within their jurisdiction. That being the case it becomes a matter, addressing itself to the sound discretion of this Court, as to whether a *certiorari* should be issued or not. Proof is expected, in such cases, of some error, other than in a mere matter of form. One ground insisted upon is, that the commissioners have not directly adjudged of record, that the refusal of the town to confirm the doings of their selectmen was unreasonable. But it was so alleged in the petition, under which they acted; and after final judgment we must understand, that allegations duly and necessarily made, were satisfactorily proved; although the proof may not be set forth in the record. No evidence appears in the case tending to show that the laying out of the road was inexpedient or injudicious. And, on the whole, we think the prayer of the petition for *certiorari* should not be granted.